# Supreme Court of Florida

_____

No. SC20-1153

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE—2020 FAST-TRACK REPORT.**

September 10, 2020

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a "fast-track" report proposing amendments to the Florida Rules of Juvenile Procedure in response to recent legislation. *See* Fla. R. Jud. Admin. 2.140(e). We have jurisdiction[1] and adopt the amendments as proposed.

In response to chapter 2020-65 and chapter 2020-138, Laws of Florida, which amend sections 39.0137, 39.522, 39.6011, and 39.701, Florida Statutes (2019), and became effective July 1, 2020, the Committee proposes amendments to the following rules: 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers), 8.345 (Post-Disposition Relief), 8.400 (Case Plan Development), and

_____

1. *See* art. V, § 2(a), Fla. Const.

8.415 (Judicial Review of Dependency Cases). *See* ch. 2020-65, § 3, Laws of Fla.; ch. 2020-138, § 18, Laws of Fla.

The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the Committee's proposals. The Committee did not publish the proposals before filing them with the Court. After considering the Committee's proposals and the relevant legislation, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. The more significant amendments are discussed below.

First, we amend rule 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers), to address legislative changes to section 39.0137, Florida Statutes, effectuated by chapter 2020-65, section 2, Laws of Florida. The legislative changes require the Florida Department of Children and Families to ensure the Servicemembers Civil Relief Act is observed in cases where a parent, legal custodian, or caregiver responsible for a child's welfare, by virtue of his or her service, is unable to take custody of the child or appear before the court in person. To conform with this statutory requirement, we add new subdivision (a)(5) (Service of Persons on Active Military Duty in Dependency Proceedings), which addresses service of a person on active military duty.

Next, we amend rule 8.345 (Post-Disposition Relief), to address legislative changes made to section 39.522, Florida Statutes, by chapter 2020-138, section 5,

Laws of Florida. The legislative change to section 39.522(1) added factors that the court must consider when determining a change of legal custody or placement. Accordingly, we add new subdivision (b) (Standard for Changing Custody), which articulates these factors that must be considered. Additionally, the legislative amendment added subsection (4) to section 39.522, requiring that the court evaluate the child's permanency goal when the court is changing the child's custody or placement. Thus, we add new subdivision (c) (Change of Permanency Goal), to require that the court evaluate the child's permanency goal.

We also amend rule 8.400 (Case Plan Development) to address the legislative changes made to section 39.6011(5), Florida Statutes, by chapter 2020-138, section 6, Laws of Florida. These changes require the case plan to describe that it is the parents' and caregivers' responsibility to work together to achieve the case plan. Thus, we add new subdivision (6) requiring written notice to the parents and caregivers to apprise them that it is their responsibility to work together to achieve the case plan.

Finally, we amend rule 8.415 (Judicial Review of Dependency Cases) to address the legislative changes made to section 39.701, Florida Statutes, by chapter 2020-138, section 7, Laws of Florida. The legislative changes throughout the section include replacing "legal custodian" with "caregiver." The amendment also added subsection (b)(2) to section 39.701, establishing certain requirements

regarding retaining jurisdiction. To conform with these changes, in subdivisions (b)(2) (Subsequent Review Hearings) and (c) (Report), we replace "legal custodian" with "caregiver." Additionally, in subdivision (e) (Information Available to Court), we replace the comma before "caregiver" with "or" and delete the phrase "or legal custodian." Also, in subdivision (g) (Jurisdiction), we add an additional sentence requiring the court to maintain jurisdiction if a safety plan remains necessary for the child to reside safely in the home.

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before November 24, 2020, with a certificate of service verifying that a copy has been served on the Committee Chair, Matthew Charles Wilson, Children's Legal Services, 160 West Government Street, Suite 701, Pensacola, Florida 32502-5735, matthew.wilson@myflfamilies.com, and on the Bar Staff Liaison to the Committee, Mikalla Andies Davis, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, mdavis@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 15, 2020, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Matthew Charles Wilson, Chair, Florida Rules of Juvenile Procedure Committee, Crestview, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**RULE 8.225.    PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS**

**(a)    Summons and Subpoenas.**

**(1) – (4)    [No Change]**

**(5)    Service of Persons on Active Military Duty in Dependency Proceedings.** In the case of a person on active military duty, service completed pursuant to subdivisions (a)(3) or (a)(4) of this rule must be in compliance with state and federal laws.

**(b) – (f)    [No Change]**


**RULE 8.345.    POST-DISPOSITION RELIEF**

**(a)    [No Change]**

**(b)    Standard for Changing Custody.**

**(1)    Generally.** The standard for changing custody of the child shall be the best interests of the child. When determining whether a change of legal custody or placement in applying this standard, the court shall consider the continuity of the child's placement in the same out-of-home residence as a factor when determining the best interests of the child, the court shall consider:

(A)    The child's age.

(B)    The physical, mental, and emotional health benefits to the child by remaining in his or her current placement or moving to the proposed placement.

(C)    The stability and longevity of the child's current placement.

(D)    The established bonded relationship between the child and the current or proposed caregiver.

(E)     The reasonable preference of the child, if the court has found that the child is of sufficient intelligence, understanding, and experience to express a preference.

(F)     The recommendation of the child's current caregiver.

(G)     The recommendation of the child's guardian ad litem, if one has been appointed.

(H)     The child's previous and current relationship with a sibling, if the change of legal custody or placement will separate or reunite siblings.

(I)     The likelihood of the child attaining permanency in the current or proposed placement.

(J)     Any other relevant factors.

(12)     **Reunification.**

(A)     In cases in which the issue before the court is whether a child should be reunited with a parent, and the child is currently placed with someone other than a parent, the court must review the conditions for return and determine whether the circumstances that caused the out-of-home placement and issues subsequently identified have been remedied to the extent that the return of the child to the home with an in-home safety plan prepared or approved by the department will not be detrimental to the child's safety, well-being, and physical, mental, and emotional health.

(2B) In cases in which the issue before the court is whether a child who is placed in the custody of a parent should be reunited with the other parent upon a finding that the circumstances that caused the out-of-home placement and issues subsequently identified have been remedied to the extent that the return of the child to the home of the other parent with an in-home safety plan prepared or approved by the department will not be detrimental to the child, the court must determine that the safety, well-being, and physical, mental, and emotional health of the child would not be endangered by reunification and that reunification would be in the best interest of the child.

**(c)     Change of Permanency Goal.** The court shall additionally evaluate the child's permanency goal and change the permanency goal as needed if doing so

would be in the best interests of the child. If the court changes the permanency goal, the case plan must be amended pursuant to law.

(b̶d) **Motion for Termination of Supervision or Jurisdiction.** Any party requesting termination of agency supervision or the jurisdiction of the court or both shall do so by written motion or in a written report to the court. The court must hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent and has been in the placement for at least 6 months, the child is adopted, or the child attains the age of 18, unless the court has extended jurisdiction.


**RULE 8.400.        CASE PLAN DEVELOPMENT**

**(a)    [No Change]**

**(b)    Contents.** The case plan must be written simply and clearly in English and the principal language of the parents, if possible.  Each case plan must contain:

(1) – (4)     **[No Change]**

(5)    a written notice to the parent that it is the parent's responsibility to take action to comply with the case plan so permanency with the child may occur within the shortest period of time possible, but no later than 1 year after removal or adjudication of the child; the parent must notify the parties and the court of barriers to completing case plan tasks within a reasonable time after discovering such barriers if the parties are not actively working to overcome them; failure of the parent to substantially comply with the case plan may result in the termination of parental rights, and that a material breach of the case plan by the parent's action or inaction may result in the filing of a petition for termination of parental rights sooner than the expiration of the compliance period; a̶n̶d̶

(6)     a written notice to the parents and caregivers that it is their responsibility to take action to work together where it is safe to do so towards the success of the case plan; and

(6̶7)    if the parent is incarcerated, the list of services available at the facility.

**(c) – (f)    [No Change]**

- 8 -

**RULE 8.415.        JUDICIAL REVIEW OF DEPENDENCY CASES**

   **(a)    [No Change]**

   **(b)    Scheduling Hearings.**

      **(1)    [No Change]**

      **(2)    Subsequent Review Hearings.** At each judicial review hearing, the court must schedule the next judicial review hearing which must be conducted within 6 months. The clerk of the court, at the judicial review hearing, must provide the parties, the social service agency charged with the supervision of care, custody, or guardianship of the child, the foster parent or ~~legal custodian~~caregiver in whose home the child resides, any preadoptive parent, and such other persons as the court may direct with written notice of the date, time, and location of the next judicial review hearing.

      **(3) – (4)    [No Change]**

   **(c)    Report.** In all cases, the department or its agent must prepare a report to the court. The report must contain facts showing the court to have jurisdiction of the cause as a dependency case. It must contain information as to the identity and residence of the parent, if known, and the ~~legal custodian~~caregiver, the dates of the original dependency adjudication and any subsequent judicial review proceedings, the results of any safe-harbor placement assessment including the status of the child's placement, and a request for one or more of the following forms of relief:

      (1) – (4)    **[No Change]**

   **(d)    [No Change]**

   **(e)    Information Available to Court.** At the judicial review hearing the court may receive any relevant and material evidence pertinent to the cause. This must include written reports required by law and may include, but must not be limited to, any psychiatric or psychological evaluations of the child or parent~~,~~ or caregiver~~, or legal custodian~~ that may be obtained and that are material and relevant. This evidence may be received by the court and relied on to the extent of its probative value, even though it may not be competent in an adjudicatory hearing.

   **(f)    [No Change]**

**(g)    Jurisdiction.**

(1)    When a child is returned to the parents, the court must not terminate its jurisdiction over the child until 6 months after the return. Based on a report of the department and any other relevant factors, the court must then determine whether jurisdiction should be continued or terminated. If its jurisdiction is to be terminated, it must enter an order to that effect. The court must retain jurisdiction over a child if the child is placed in the home with a parent or caregiver with an in-home safety plan and such safety plan remains necessary for the child to reside safely in the home.

(2) – (6)    **[No Change]**

**(h) – (i)    [No Change]**

**Committee Notes**

**[No Change]**